UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARCOS ALONSO ZEA

Petitioner, Pro se.

v.

UNITED STATES OF AMERICA

Respondent

CASE NO. 2:13-cr-00072
SJF-AKT-2

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 25 2024 ★

BROOKLYN OFFICE

SENTENCE REDUCTION MOTION
PURSUANT TO 18 U.S.C. §3553

Now comes, Marcos Alonso Zea, pro se known as Defendant Zea, ds
moves to reduce his sentence pursuant to 18 U.S.C. §3582(c)(1)(A);
Citing "extraordinary and compelling" circumstances because
of a sentence disparity between himself and his co-conspirator
[defendant] JUSTIN KALIEBE; Arguing that Petitioner Zea does
demonstrate that "extraordinary and compelling" circumstances
exist, and that the 18 U.S.C. §3553(a) sentencing factors weigh
against and warrant a reduction in sentence. For the reasons
discussed and stated herein Petitioner Zea respectfully request
for his Reduction of Sentence Motion to be granted.

"A court may not modify a term of imprisonment once it has been
imposed except pursuant to statute." United States v. Gotti,
433 F.Supp.3d 613, 614 (S.D.N.Y. 2020); see also United States
v. Brooker, 976 F.3d 228, 237-38 (2d Cir. 2020). Section 3582
of Title 18 of the U.S. Code provides one such exception by
permitting a court to modify a term of imprisonment "upon motion
of the defendant" if the defendant has exhausted certain
administrative requirements. 18 U.S.C. §3582(c)(1)(A). Under
these circumstances, a court may reduce the defendant's sentence
only if it finds that "extraordinary and compelling reasons
warrant such a reduction" and "such a reduction is consistent
with applicable policy statements issued by the Sentencing
Commission." U.S.C. §3582(c)(1)(A)(i); see also Concepcion v.

EDNY PRO SE OFFICE
RECEIV
JUN 28 2024

1

United States, 142 S. Ct. 2389, 2404, 213 L. Ed. 2d 731 (2022) (holding that district courts have wide discretion to consider intervening changes of law or fact in reducing sentences under the First Step Act). In so doing, the court must also consider "the factors set forth in [18 U.S.C. §]3553(a) to the extent that they are applicable." 18 U.S.C. §3582(c)(1)(A). "Application of the §3553(a) factors requires an assessment of whether the relevant factors 'outweigh the "extraordinary and compelling reasons" warranting compassionate release...[and] whether compassionate release would undermine the goals of the original sentence.'" United States v. Daugerdas, 613 F. Supp. 3d 807, 2020 U.S. Dist. LEXIS 77658, 2020 WI., 2097653 (S.D.N.Y. May 1, 2020)(alterations in original)(quoting United States v. Ebbers, 432 F. Supp. 3d 421, 430-31 (S.D.N.Y. 2020)).

In the Second Circuit, the policy statement issued by the U.S. Sentencing Commission pertaining to compassionate release, section 1B1.13 of the Sentencing Guidelines, "cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling." Booker, 976 F.3d at 236. "However, courts remain free-even after Booker-to look to §1B1.13 for guidance in the exercise of their discretion." United States v. Burman, 2021 U.S. Dist. LEXIS 32178, 2021 WL 681401 (S.D.N.Y. Feb. 21, 2021) (internal quotation marks omitted); see also Concepcion, 142 S. Ct. at 2404.

The relevant policy statement provides that a reduction is permitted if "[e]xtraordinary and compelling reasons warrant the reduction" and "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. §1B1.13. In assessing whether extraordinary and compelling circumstances are present, district courts may consider a broad range of factors to determine whether a defendant carries the applicable burden. See United States v. Piggott, 2022 U.S. Dist. LEXIS 5293, 2022 WL 118632 (S.D.N.Y. Jan. 12 2022). Most recently, the Supreme Court has emphasized the broad discretion district courts possess under the First Step Act. As the Supreme Court noted, "[b]y its terms" the First Step Act "does not prohibit district courts from considering any arguments in

favor of, or against, sentence modification." Concepcion, 142 S. Ct. at 2403. "In exercising its discretion, the court is free to agree or disagree with any of the policy arguments raised before it." Id. at 2404. Moreover, I "need not find a single dispositive circumstance to determine that 'extraordinary and compelling reasons' exist;" instead "'the totality of the circumstances' justify such a finding." Piggott, 2022 U.S. Dist. LEXIS 5293, 2022 WL 118632.

## Exhaustion of Administrative Remedies

Petitioner Zea has been incarcerated at the FCI Thomson since April 25, 2023. Petitioner moved for a sentence reduction and has exhausted his administrative remedies, and his motion for sentence reduction is ripe for consideration.

Initially, the Petitioner and his Co-Defendant [Justin Kaliebe] were assigned to Judge Arthur D. Spatt. The Petitioner's Co-Defendant initially agreed to cooperate as a "Government Witness" for the prosecution for a reduction (lighter) sentence; Cooperation which he NEVER intended to TRUTHFULLY give which his later action proved, as he became uncooperative with the Government (Prosecution) and aggressively beligerent (threats) with the Judge - Threats so vile that Judge Arthur D. Spatt recused himself as Judge presiding over the Co-Defendant's case. As a result of Co-Defendant uncooperation the Government's Sentencing recommendation for his non-cooperation was 24 years. Which there would've created NO SENTENCE DISPARITIES between his sentence and the Petitioner's 25 year sentence. [shockingly high].

Instead, the court seem to award Co-Defendant Justin Kaliebe action; His "NON-COOPERATION and for threatening a U.S. Federal Judge; By sentencing Co-Defendant Justin Kaliebe to "ONLY" 12 years [shockingly low/unsupportable]; Which calls into question "Reasonableness of Sentence"; The Procedurally and Substantantively Reasonable; Deferential Abuse-of-Discretion; Co-Defendant's high level of culpability as well as Sentencing Disparities. (Petitioner and Co-Defendant/Sentenced by two different Judges).

3

We review challenges to a sentence under a "reasonableness" standard, which is "a particularly deferential form of abuse-of-discretion review." United States v. Broxmeyer, 699 F. 3d 265, 278 (2d Cir. 2021)(internal quotation marks omitted). A sentence must be both procedurally and substantively reasonable. Id. We address each requirement in turn.

A sentence is procedurally unreasonable if the district court "fails to calculate the Guidelines range...,makes a mistake in its Guidelines calculation,...treats the Guidelines as mandatory... [,] does not consider the §3553(a) factors,...rests its sentence on a clearly erroneous finding of fact...[,] fails adequately to explain its chosen sentence, [or fails to] include an explanation for any deviation from the Guidelines range." United States v. Cavera, 550 F. 3d 180, 190 (2d Cir. 2008)(en banc)(internal quotation marks omitted). When we review for substantive reasonableness, "we will set aside a district court's...determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." United States v. Rigas, 583 F. 3d 108, 122 (2d Cir. 2009) (alteration and internal quotation marks omitted).

The...court reviews a substantive-reasonableness challenge under a deferential abuse-of-discretion standard, considering only whether the length of the sentence is reasonable in light of the 18 U.S.C.S. §3553(a) factors. While the...court considers whether a sentencing factor, as explained by the district court, can bear the weight assigned it under the totality of circumstances in the case, the...court does not consider how it might have weighed particular factors. In short, the...court will set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions. The...court will set aside only those sentences that are so shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice.

4

In considering the need to avoid sentencing disparities, 18 U.S.C.S. §3553(a)(6), the court considers whether the Petitioner is similarly situated to the Defendant to whom he compares himself. In this instant case this was not done. Petitioner Zea was given a sentence much longer than those with similar offenses as his. For an example:

Defendant Alwar Pouryan, guilty of one count of conspiracy to provide material support to Terrorist under 18 U.S.C. 2339B(a) and 3238 mandatory minimum of 15 years.

Defendant Tairod Nathan Webster Pugh, guilty of obstruction of justice under U.S.C. 1512(c) and providing material support to Terrorist under U.S.C. 2339B(a)(1) to statutory maximum 15 years.

Defendant Abdurasul Hasanovich Juraboev, guilty of conspiracy to provide material support to a foreign Terrorist org.; In violation of 18 U.S.C. 2339B(a)(1) sentenced to 15 years.

Defendant Elvis Redzepagic, guilty of attempt to provide material support to foreign Terrorist org., in violation of 18 U.S.C. 2339B(a)(1), sentenced to 16.5 years.

Defendant's Mohammed Ali Al-Moayad, and Mohammed Mohsen Zayed, guilty of conspiracy to provide material support in violation of 18 U.S.C. 2339B(a)(1) sentenced to the statutory maximum of 15 years on each count.

Defendant Akhor Saidakhmetov, Defendant Arbor Habibov and Azizjon Rakhmatov, guilty of attempting to provide material support to foreign Terrorist Org. Sentenced to 15 years (A. Rakhmatov, 150 month plea agreement).

Defendant Akhor Said Akhmetov, guilty in violation of conspiracy to provide material to a foreign Terrorist org. under 18 U.S.C. 2339B(a)(1), sentenced to 15 years.

Defendant Dilshod Khusanov, guilty Rule 11(c)(1)(C) plea agreement for attempting to provide material support to a foreign Terrorist org. in violation of 18 U.S.C. 2339B(a)(1), sentenced to 132 months.

Defendant Hossain Delowar  (Trial) guilty of attempt to provide material support to foreign Terrorist org. in violation of 18 U.S.C. 2339B(a)(1); sentenced to 8 years.(Fed. #87049-054)

Saddam Mohamed Raishani, guilty of attempting and conspiring to provide material support to a foreign Terrorist org.; In violation of 18 U.S.C. 2339B(a)(1); sentenced to 20 years count one; sentenced 5 years in violation 18 U.S.C. 371; Sentences to be run concurrent.

Defendant Garavito-Garcia, was a Terrorist guilty of conspiracy to acquire and transfer anti-aircraft missiles in violation of 18 U.S.C. 2332g(a)(1), (b), (c), and 3238 - sentenced to 300 months; Received reduction in sentence to 180 months pursuant to 18 U.S.C. 3582(c)(1)(A).

Defendant Jaber plead guilty to provide material support to a foreign Terrorist org. in violation of 18 U.S.C. 2339B; Sentenced to 15 years.

Defendant Georgescu convicted of conspiracy to murder officers and employees of United States pursuant to 18 U.S.C. 1117, and conspiracy to provide material support to a Terrorist org. pursuant to 18 U.S.C. 2339B and was sentenced to 120 months. [Significantly below the recommended Sentencing Guidelines sentence of "Life Imprisonment,"] followed by three year supervison.

6

Disproportionality of Sentence

Federal courts "should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishment for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals." Solem, 463 U.S. at 290; see also United States v. Gonzalez, 922 F.2d 1044, 1053 (2d Cir. 1991) (finding that courts should review the disproportionality of sentences only in rare cases because the legislature's fixing of terms for imprisonment is presumptively valid). Here, Petitioner Zea was sentenced to 25 years. Petitioner argued that it was unfair for him NOT to receive the SAME sentence as his Co-defendant Kalieba of 12 yrs; Who, by any view of the evidence, was the one who initiated the monstrous, escalating acts. Although Petitioner's Co-defendant initially "Agreed to cooperate" records also shows that shortly thereafter he "REFUSED to Cooperate," which angered the Government so that there recommendation to the Sentencing Court that he would be sentenced to the Same As Plaintiff; But the court did not follow the Government recommendations. However, New York's Legislature has made the decision to allow for the equal punishment of those, such as petitioner and his Co-defendant, who act in concert in committing criminal acts. See Wills v. Andrews, 903 F. Supp. 318, 320 (N.D.N.Y. 1995) ("Legislative decisions that concern sentencing should be regarded as presumptively valid because the judiciary must assume a subordinate position on such a polycentric issue.") (citing United States v. Gonzalez, 922 F.2d at 1052)).

Moreover, the "gross disproportionality" principle finds sentences disproportionate to their crimes "only in the exceedingly rare and extreme case" and is reserved "for only the extraordinary case." Lockyer v. Andrade, 538 U.S. 63, 73-77, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003) (internal quotation marks and citation omitted); see also United States v. Snype, 441 F.3d 119, 152 (2d Cir. 2006) (noting that successful challenges to the proportionality of particular sentences have been exceedingly rare)

7

## Judge Abuse of Discretion

Judge Sandra J. Feuerstein, should have recused herself from this case when she found her appearance being "judicial bias" during Petitioner's sentencing phase when she stated:

"I AM GOING TO MAKE AN EXAMPLE OUT OF YOU!"

Sentencing Petitioner to the "maximum" at the top of the guidelines range; To 25 years in prison.

In addition and support of Petitioner's Motion for Reduction of Sentence, Petitioner have successfully completed a variety of programs and classes, have been an instructor for various classes in Recreation Dept., participated in events and support groups, completed numerous self-study work books, have an Associate Degree in Liberal Arts, became an ordained minister as well as an inmate companion for the Federal Bureau of Prison Suicide Watch Program.

Petitioner NEVER had a criminal record/history prior to this instant offense. Petitioner have served OVER ten years of his 25 year sentence and have received NO type of incident report during his incarceration. Petitioner have strive to better himself both mentally and physically in becomeing a more acceptable and productive person of society. Petitioner acknowlege his past down faults and the bad choices he made when he was in his twenties which through rehabilitation he's now become a much more mature individual that love and cherish life as well as others.

Therefore, Petitioner Zea ask for consideration from this honorable court to grant his Motion for Reduction of Sentence.

Marcos A. Zea

Marcos Alonso Zea
#82864-053

"[A]ny tribunal permitted by law to try cases and controversies not only MUST BE UNBIASED but also MUST AVOID THE APPEARANCE OF BIAS." Code of Conduct for United States Judges, 175 F.R.D. 363, 364-66 (1998). C

Petitioner Zea now seeks for a ruling from this Honorable Court GRANTING his request for relief in his SENTENCE REDUCTION MOTION.


CERTIFICATE OF SERVICE

I hereby certify that a copy of the Motion For Sentence Reduction was sent on this _____ day of _____, 2024, pre-paid postage, pre-paid mail and sent:

Clerk of the Eastern District of New York


Marcos A. Zea

MARCOS ALONSO ZEA
AFFIDAVIT IN SUPPORT

OF

SENTENCE REDUCTION MOTION


I, Marcos Alonso Zea, Sui Juris, by special visit and not general, am agent for Marcos Alonso Zea, with Power of Attorney-In-Fact to represent Marcos Alonso Zea in all commercial affairs. I am of legal age, am competent for stating the matters set forth herewith, have personal knowledge about the facts stated herein, have full subject matter jurisdiction over the below regarding, everything stated as being the truth and nothing but the truth under the pain and penalties of perjury.

REGARDING: The Procedural and Substantive Unreasonableness of a Sentence [Facts] under a Deferential Abuse-of-Discretion standard; That caused a gross unwarranted Sentence Disparities among Co-Defendants with similar [offenses] who have been found guilty of similar conduct.

FACT: In 2012, Co-Defendant Justin Kaliebe approached me with an known male [undercover agent] in an attempt to pursuade me to go to Yemen (South of Saudi Arabia). I declined his offer.

FACT: I had no knowledge that my Co-Defendant Kaliebe was being guided by Fed. agents to solicit muslim to go abroad. (Entrapment).

FACT: Co-Defendant Kalieb ask me several times to fund "HIS" cause - To fight against the Yemen government; Which initially I refused but months later I was pursuaded to help fund the cause.

FACT Co-Defendant was successful in receiving funds from others for the cause.

FACT: Co-Defendant "Agreed" to proffer against me and I believe others; Which he made two (2) proffer and abruptly "STOPPED" at his third proffer stating that "HE did NOT want to proffer"; Refusing to cooperate with the government.

FACT: Co-Defendant Kaliebe threatens the safety of Judge Arthur D. Spatt and prosecutors.

FACT: Co-Defendant Kaliebe also made threatening claims alleging what I would do to Judges and prosecutors; Acting on "HIS" own accord and by NO means representing me.

1

Fact: As a result of Co-Defendant Kaliebe threats sparked an immediate investigation followed by Judge Arthur D. Spatt recusal from Co-Defendant Kaliebe and the Petitioner's case.

Fact: We both was assigned a new judge to preside over our case. [Judge Sandra J. Feuerstein]

Fact: Co-Defendant Kaliebe was reassigned to a third Judge after Judge S. J. Feuerstein recused herself from his case - only; To prevent bias.

FACT: I was sentenced before Co-Defendant Kaliebe to 25 years, (Plea Agreement); With the lowest level of culpability to this Yemen mission conspiracy.

FACT: Co-Defendant Kaliebe was sentence to 12 years (Plea Agreement) whom had the high-level of culpability to the Yemen mission conspiracy.

FACT: Co-Defendant Kaliebe solicit for support raised funds, plotted and planned.

FACT: I initially refused to participate (Give funds and go with Co-Defendant - Kaliebe to Yemen; Several months later after consistant persuasion, I gave funds to support his efforts.

FACT: Judge Sandra J. Feuerstein, should have recused herself from this case when she found her appearance being "judicial bias" during Petitioner's sentencing phase when she stated:

"I AM GOING TO MAKE AN EXAMPLE OUT OF YOU!"

Petitioner later found out "WHAT" Judge Feuerstein meant by her statement when she sentenced Petitioner to the Federal Rule of Criminal Procedure - Plea Agreement 11(c)(1)(C); Which gives a sentencing guideline range of 0 to 25 years - Sentencing the Petitioner to the "maximum" at the top of the guidelines range; To 25 years in prison.

I, Marcos Alonso Zea of the family Zea do declare under pains of perjury under the laws of the United States of America and the Illinois a Republic that the foregoing document is true and correct.

Date: __ / __ / 2024

Marcos Alonso Zea,



United States Penitentiary Thomson
Inmate Request for Compassionate Release/RIS Consideration Form

| TO: Warden of FCI Thomson | DATE: February 20, 2024 |
|---|---|
| INMATE NAME: Marcos Alonso Zea | REGISTER NO: 82864-053 |
| SIGNATURE: Marcos A. Zea | UNIT: A - Unit (A4/27U) |

Instructions: In order to be considered for Compassionate Release/RIS, you must complete this form and send it to the RIS Coordinator. The information will be used to determine if your request meets the minimum guidelines for consideration, as referenced in the Program Statement 5050.50, Compassionate Release/Reduction in Sentence.

1.      Check the category you are requesting Compassionate Release/RIS Consideration: (only one per request)

☐   Request based on Terminal Medical Condition
☐   Request based on Debilitated Medical Condition
☐   Request based on Law for Elderly inmates - non medical (70 years or older served 30 years of sentence)
☐   Request based on Elderly Inmates over 65 with Medical Conditions who have served more than 50% of sentence
☐   Request based on inmates age 65 or older who have served the greater of 10 years or 75% of the term of imprisonment to which the inmate was sentenced
☐   Request based on Death or Incapacitation of the Family Member Caregiver where you are the only caregiver for your minor child
☐   Request based on Incapacitation of a Spouse or Registered Partner where you are the only available caretaker

2.      Explain the extraordinary or compelling circumstances which could not have been foreseen at the time of your sentencing you believe warrant Compassionate Release consideration. Continue on back, if necessary.

Sentencing Disparity

3.      Submit your proposed Release Plans and continue on back, if necessary. The information should include the following detailed information:
    1. Address and phone number of where you plan to live.
    2. Your family supports in the community.
    3. How you plan to cover your medical expenses and support yourself.
    4. Where continued health treatment and services will be received.

174 Front Ave, Brentwood NY. 11717    631 435-38-70
Parents, Siblings, Uncles, Aunts, Cousins
Full time employment. Overtime if needed
The closest hospital, medical clinic

Zea, Marcos Alonso
82864-053
Unit A

---

### Inmate Request to Staff Member Response

This is in response to your Inmate Request to Staff regarding a Compassionate Release/Reduction in Sentence (RIS) request consideration for a RIS based on a Sentencing Disparity.

After a review of your case, we will not be pursuing a request for compassionate release on your behalf. According to Program Statement 5050.50, <u>Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§3582(c)(1)(A) and 4205(g)</u>, RIS should be considered under the following criteria: terminal medical condition, debilitated medical condition, "new law" elderly inmates, elderly inmates with medical conditions which includes specific provisions (see P.S. 5050.50), other elderly inmates, and request based on death or incapacitation of the family member caregiver. None of these criteria were listed in your request.

The consideration criteria mentioned in your request was a Sentencing Disparity. The Bureau of Prisons has no authority to change or modify a sentence in regard to the statutes utilized by the Court to determine your sentence. Likewise, should you wish to contest the legality of your sentence you should address these concerns with the respective court.

In the event you believe you are eligible for a RIS based on one or more of the criteria listed above, you must clearly identify which criteria you are requesting consideration and how you meet the criteria as outlined in Program Statement 5050.50.

Accordingly, this response is for informational purposes only. If you are dissatisfied with this response, you may file an appeal pursuant to Program Statement 1330.18, <u>Administrative Remedy Program</u>, within 20 calendar days of the date of this response.

I trust this addresses your concerns.

_3/19/2024_
Date

B. Lammer, Warden



**Universal Life Church**

THE HEADQUARTERS: 601 3RD ST., MODESTO, CALIF. 95351 • (800) 597-8860

*This is to certify that the bearer hereof*

Marcos Alonso Zea

*has been ordained this day*    June 3rd, 2019

*and has all rights and privileges to perform all duties of the Ministry.*

## CREDENTIALS OF MINISTRY

Kirby J. Hensley, Founder
President 1959-1999

Lida G. Hensley, D.D.
President 1999-2006

Andre J. Hensley, President

Office Clerk





# *Certificate*

## *of*
## *Completion*



May it be known that this certificate has been presented to:

**Marcos Zea #82864-053**

for completion of

*Victim Impact*

Presented this 3rd day of October 2019 – FCI Hazelton
Bruceton Mills, WV

_K. Rice_
K. Rice, Social Worker

K. Rice, LICSW
Social Worker
FCC Hazelton

# *Certificate*

## *of*

## *Completion*

May it be known that this certificate has been presented to:

### Marcos Zea #82864-053

for completion of

## *Basic Cognitive Skills*

Presented this 23rd day of July 2019 – FCI Hazelton
Bruceton Mills, WV



K. Rice, LICSW
Social Worker
FCI Hazelton

_K. Rice_

_____

K. Rice, Social Worker

# *Certificate*

## *of Completion*



May it be known that this certificate has been presented to:

### Marcos Zea #82864-053

for completion of

## *5 - hour - Deepest Fear Seminar*

Presented this 7th day of February 2019 — FCI Hazelton
Bruceton Mills, WV.

*K. Rice, Social Worker*

K. Rice, LICSW
Social Worker
FCC Hazelton

```
TOMMW           *        INMATE EDUCATION DATA        *        01-03-2024
PAGE 001 OF 001 *            TRANSCRIPT                *        19:50:37


REGISTER NO: 82864-053      NAME..: ZEA                  FUNC: PRT
FORMAT.....: TRANSCRIPT     RSP OF: TOM-THOMSON ADMIN USP


------------------------- EDUCATION INFORMATION --------------------------
FACL ASSIGNMENT DESCRIPTION                    START DATE/TIME STOP DATE/TIME
TOM  ESL HAS    ENGLISH PROFICIENT             06-02-2015 1316 CURRENT
TOM  GED HAS    COMPLETED GED OR HS DIPLOMA    06-02-2015 1316 CURRENT


-------------------------- EDUCATION COURSES ---------------------------
SUB-FACL   DESCRIPTION                  START DATE  STOP DATE EVNT AC LV HRS
TOM        REC D- WALK, COLOR, CABER    11-03-2023 CURRENT
TOM        BEADING 3 HOURS              10-24-2023 11-16-2023  P   C  P    4
TOM        REC C- YOGA, NUTRI, SPORTS   09-28-2023 10-25-2023  P   C  P    2
TOM        CROCHET 3 HOURS              09-12-2023 10-05-2023  P   C  P    4
TOM        REC B- CALI, NUTRI, SPORTS   07-30-2023 09-03-2023  P   C  P    2
TOM        BEADING 3 HOURS              07-18-2023 08-24-2023  P   C  P    4
TOM        REC A- EXERCISE, NUTRI, SPORTS 06-20-2023 07-09-2023 P  C  P    2
TOM        HTGA BEST GARDEN AND LANDSCAPE 05-15-2023 06-13-2023 P  C  P    6
LVN  LCP   LEISURE & LAW LIBRARY TRAINING 08-30-2022 08-30-2022 P  C  P    2
HAF        SELF-STUDY ACE: HOW TO LEAD  02-28-2021 03-04-2021  P   C  P    3
HAF        FCI SELF STUDY THE HUMAN EYE 03-22-2021 03-25-2021  P   C  P    3
HAF        BEGINNER'S LEATHER 20 HOURS  02-24-2016 01-11-2017  P   C  P   20
HAF        ADVANCED LEATHER 20 HOURS    08-19-2016 10-07-2016  P   C  P   20




G0000      TRANSACTION SUCCESSFULLY COMPLETED
```



DEPARTMENT OF JUSTICE ★ SANOSIRP ★ FEDERAL BUREAU

CERTIFICATE OF ACHIEVEMENT

This certificate is presented to

Zeal #82864-053

For the completion of

Polar Bear 5k Run Club

On April 11, 2017

FCI HAZELTON

B. Shearer, Recreation Specialist

Program Coordinator



# Certificate of Appreciation

*for your*

Outstanding efforts as a mentor for the first
"Think Before You Move" program hosted at
FCI Hazelton.  Your efforts impacted the
students participating in the program and
helped ensure the successful completion of
this program.

*this certificate is presented to:*

**Marcos Zea  82864-053**

In the hope it will inspire him
to always
"Think Before You Move."

Staff Signature                    Date



# Certificate of Achievement

*for the*

Successful instruction of the
Strategic Paradigm –
Think Before You Move Program

*this certificate is presented to:*

**Marcos Zea  82864-053**

**in the hope it will inspire him
to always...**

**Think Before You Move**

Staff signature                    Date

# *Mentors*

# *Strategic Paradigm – Think Before You Move*

Mentors who have facilitated this course have facilitated a program that engages students in lessons of problem solving and character development. The lessons have been designed to challenge their perceptions about their identity, roles in life, their community, potential, and purpose. Strategic Paradigm uses the game of Chess to promote academic understandings as well as real world understandings. *Think Before You Move* covers topics that include: confidence, intrinsic motivation, personal responsibility, self-awareness, advocacy, influence, peer pressure, conflict resolution, and goal-setting. Students engaged in discussions, activities, assignments and events that compel them to think critically about their own lives and future.

Upon completion of the program, students were able to:

- Identify challenges and barriers that have prevented them from displaying targeted character development skills in the past
- Understand that challenges are not inherently negative, but that regularly practiced personal management skills can position them to achieve their goals
- Develop skills to better manage the issues that directly affect their lives and community.
- Promote success with their goals through the *Think Before You Move* model resulting in positive decision making.

# Mentors

# Strategic Paradigm – Think Before You Move

Mentors who have facilitated this course have facilitated a program that engages students in lessons of problem solving and character development. The lessons have been designed to challenge their perceptions about their identity, roles in life, their community, potential, and purpose. Strategic Paradigm uses the game of Chess to promote academic understandings as well as real world understandings. *Think Before You Move* covers topics that include: confidence, intrinsic motivation, personal responsibility, self-awareness, advocacy, influence, peer pressure, conflict resolution, and goal-setting. Students engaged in discussions, activities, assignments and events that compel them to think critically about their own lives and future.

Upon completion of the program, students were able to:

- Identify challenges and barriers that have prevented them from displaying targeted character development skills in the past
- Understand that challenges are not inherently negative, but that regularly practiced personal management skills can position them to achieve their goals
- Develop skills to better manage the issues that directly affect their lives and community.
- Promote success with their goals through the *Think Before You Move* model resulting in positive decision making.

# ACHIEVEMENT



This certificate is presented to

## M. Zea #82864-053

for the completion of a

Beginning Leather Class

(10 Week Class)

# FCI HAZELTON

B. Glotfelty

Program Coordinator

# Certificate of Achievement



Awarded to

Zea Marcos

for successfully completing the

*Beading Class*

at USP Thomson

on the

24th day of August 2023

/ C. Coughlin

Recreation Specialist / Hobbycraft Coordinator

# Certificate of Achievement

## Awarded to

## Zea, Marcos

for successfully completing the

### Crochet Class

at FCI Thomson

on the

5th day October, 2023



/ C. Coughlin

Recreation Specialist / Hobbycraft Coordinator



# Certificate of Achievement

Awarded to

## Zea, Marcos

for successfully completing the

### Bead Class

at FCI Thomson

on the

16th day November, 2023



/ C. Coughlin

Recreation Specialist / Hobbycraft Coordinator



# CERTIFICATE OF ACKNOWLEDGMENT



FCI Thomson's Recreation Department
Hereby Acknowledges

## Zea, Marcos

for their *Insightful Instruction* of our

## *Beading Class*

From Oct. 24th, 2023 thru Nov. 16th, 2023



C. Coughlin, Recreation Specialist

# CERTIFICATE OF ACKNOWLEDGMENT

FCI Thomson's Recreation Department
Hereby Acknowledges

## Zea, Marcos

for their *Insightful Instruction* of our

## *Beading Class*

from Jan. 22nd, 2024 thru Feb. 15th, 2024



C. Coughlin, Recreation Specialist



# Certificate

## of

## Completion

May it be known that this certificate
has been presented to

## ZEA, MARCOS

for completion of _____ BEADING CLASS INSTRUCTOR _____

**FCI THOMSON**
BY

**APRIL 23, 2024**
DATE



# West Virginia University.

## Certificate of Completion

presented to

### MARCOS A. ZEA

to certify that he has completed all course requirements for



*Inside Out: Exploring Issues of Reentry and Reintegration*

An Advanced Course in Sociology & Anthropology

Granted:  November 16, 2016

Delia Trickett, M.A.
James J. Nolan, Ph.D.
Department of Sociology & Anthropology

February 13, 2024

Cesar Jerez
Owner/Manager
Ez Junk LLC.
229 Broadbrook Rd.
Enfield, CT 06082
860 281-2481

To Whom It May Concern,

My name is Cesar Jerez, owner and manager of EZ Junk LLC. This letter is to inform you that upon his release, Marcos A Zea is encouraged and will have the opportunity to apply for employment at Ez Junk LLC. Please feel free to contact me with any questions.


Sincerely,

Cesar Jerez

