"YOU CAN'T BREAK LAWS TO ENFORCE LAWS"

(THE LAW IS THE LAW)


MEMORANDUM OF LAW

IN SUPPORT OF


MARCOS ALONSO ZEA

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★    JUN 25 2024    ★

BROOKLYN OFFICE

SENTENCE DISPARITIES

18 U.S.C. §3553(a)(6)


SENTENCE DISPARITIES

AMONGST

CO-DEFENDANTS


Substantial Reasonableness


This court must first return whether the sentence imposed is procedurely sound. A procedural error occurs when the district court miscalculates or fails to calculate a proper guideline range; Treats the Guidelines as mandatory: Impose a sentence based on clearly erroneous facts; Fails to consider the facts set forth in §3553(a); Or fails to adequately explain its chosen center for any deviation from the Guideline range. Pursuant to Gall v. United States, 552 U.S. 38, 128 S. Ct. 586, 596-97, 169, L.Ed 2d 445 (2007).

## Sentencing Disparity

The enactment of the First Step Act enables me to consider an unreasonable disparity in sentences between co-conspirators as part of the extraordinary and compelling circumstances that justify lowering Petitioner Zea's sentence. See e.g. United States v. Ramsay, 538 F. Supp. 3d 407, 428 (S.D.N.Y. 2021)(citing, among other factors, sentencing disparities with codefendants as a basis for a sentence reduction). Also sentence disparities between other defendants with similar offenses as his own.

Petitioner Zea argues that he received a sentence that is so disproportionate to the sentences his co-defendant, (Justin Kaliebe) and defendants received, that the disparity between them and his sentence is an extraordinary and compelling circumstance justifying his release.

The sixth §3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. §3553(a)(6).

This case arises from the same factual circumstances as those of a related case, United States v. Juraboev et. al, 19-CR-95. In that action, Defendant Abdurasul Hasanovich Juraboev pleaded guilty to one count of Conspiracy to Provide Material Support to a Foreign Terrorist Organization in violation of 18 U.S.C. §2339B(a)(1) and was sentenced by this court on October 27, 2017 to 180 months of incarceration, with no term of supervision to follow. Defendant Akhror Saidakhmetov pleaded guilty to one count of Conspiracy to Provide Material Support to a Foreign Terrorist Organization in violation of 18 U.S.C. §2339B(a)(1) and was sentenced by this court on December 20, 2017 to 180 months of incarceration, with no term of supervision to follow. Defendant Azizjon Rakhmatov pleaded guilty to one count of Conspiracy to provide Material Support to a Foreign Terrorist Organization in violation of 18 U.S.C. §2339B(a)(1) and was sentenced by this court on January 14, 2021 to 150 months of incarceration, followed by a lifetime term of supervised release with special conditions. Defendant Dilkhayot Kasimov was convicted by a jury of Counts One and Two of the Third Superseding Indictment, charging him with conspiracy and attempt to provide material support to a foreign terrorist organization. Defendant Kasimov was sentenced by this court on June 3, 2022 to 180 months of incarceration and 10 years of supervised release with special conditions. On March 16, 2018, Defendant Akmal Zakirov pleaded guilty to Conspiracy to Provide Material Support to a Foreign Terrorist Organization and Attempt to Provide Material Support to a Foreign Terrorist Organization, both in violation of 18 U.S.C. §2339B(a)(1), and was sentenced by this court on July 26, 2022 to time served (approximately 102 months of incarceration) followed by two years of supervised release with special conditions. For the reasons stated in this Memorandum and Order, and considering the other six §3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

1

This court "review[s] the procedural and substantive reasonableness of a sentence under a deferential abuse-of-discretion standard." United States v. Yilmaz, 910 F. 3d 686, 688 (2d Cir. 2018) (per curiam). "The procedural inquiry focuses primarily on the sentencing court's compliance with its statutory obligation to consider the factors detailed in 18 U.S.C. §3553(a), while the substantive inquiry assesses the length of the sentence imposed in light of the §3553(a) factors." United States v. Castillo, 896 F. 3d 141, 148 (2d Cir. 2018). A sentence is substantively unreasonable if it is "manifestly unjust" or "shock[s] the conscience." United States v. Rigas(Rigas II), 583 F. 3d 108, 122-24 (2d Cir. 2009). We will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" United States v. Cavera, 550 F. 3d 180, 189 (2d Cir. 2008)(en banc)(quoting United States v. Rigas(Rigas I), 490 F. 3d 208, 238 (2d Cir. 2007))(emphasis omitted).

When the defendant has preserved a claim that the district court erred in its application of the sentencing guidelines, "[w]e review issues of law de novo, issues of fact under the clearly erroneous standard, [and] mixed questions of law and fact either de novo or under the clearly erroneous standard depending on whether the question is predominantly legal or factual." United States v. Selioutsky, 409 F. 3d 114, 119 (2d Cir. 2005)(internal citations omitted).

A district court commits procedural error when it "fails to calculate the [Sentencing] Guidelines range (unless omission of the calculation is justified...)," "makes a mistake in its Guidelines calculation," "treats the Guidelines as mandatory," "does not consider the §3553(a) factors," "rests its sentence on a clearly erroneous finding of fact," or "fails adequately to explain its chosen sentence." United States v. Cavera, 550 F. 3d 180, 190 (2d Cir. 2008)(en banc).

We review a district court's sentencing decisions for reasonableness. United States v. Cossey, 632 F. 3d 82, 86 (2d Cir. 2011). A review of "reasonableness" involves both "an examination of the length of the sentence (substantive reasonableness) as well as the procedure employed in arriving at the sentence (procedural reasonableness)." United States v. Johnson, 567 F. 3d 40, 51 (2d Cir. 2009). "Reasonableness review is akin to a deferential abuse-of discretion standard." Cossey, 632 F. 3d at 86 (quotation marks omitted). To impose a procedurally reasonable sentence, a district court must "(1) normally determine the applicable Guidelines range, (2) consider the Guidelines along with the other factors under [18 U.S.C.] §3553(a), and (3) determine whether to impose a Guidelines sentence or a non-Guidelines sentence." United States v. Villafuerte, 502 F. 3d 204, 206-07 (2d Cir. 2007). A sentence is substantively unreasonable only when it "cannot be located within the range

of permissible decisions," United States v. Cavera, 550 F. 3d 180, 189 (2d Cir. 2008)(en banc), or, in other words, is "shockingly high, shockingly low, or otherwise unsupportable," United States v. Rigas, 583 F. 3d 108, 123 (2d Cir. 2009).

Second, Johnson contends that the district court substantively erred by imposing an eighty-one-month sentence. We review a substantive-reasonableness challenge under a "deferential abuse-of-discretion standard," Gall v. United States, 552 U.S. 28, 41, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007), "consider[ing] only whether the length of the sentence is reasonable in light of the [section] 3553(a) factors," United States v. Ceasar, 10 F. 4th 66, 79 (2d Cir. 2021)(internal quotation marks omitted). While we "consider whether [a sentencing] factor, as explained by the district court, can bear the weight assigned it under the totality of circumstances in the case," we do not consider how we might have weighed particular factors ourselves. United States v. Cavera, 550 F. 3d 180, 191 (2d Cir. 2008)(en banc). In short, "we will...set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." Id. at 189 (emphasis and internal quotation marks omitted); see also United States v. Muzio, 966 F. 3d 61, 64 (2d Cir. 2020)(explaining that "we will set aside only those sentences that are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice" (internal quotation marks omitted)).

One of the sentencing court's requisite considerations is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." §3553(a)(6). This provision "was intended to eliminate national disparity." United States v. Wills, 476 F. 3d 103, 109 (2d Cir. 2007). Nonetheless, it "does not on its face restrict the kinds of disparity a court may consider." Id.

Courts have found that a gross disparity between sentences of co-defendants stemming from their choice to exercise or forgo their constitutional right to a trial is an extraordinary and compelling factor. See United States v. Ballard, 552 F. Supp. 3d 461, 468 (S.D.N.Y. 2021)(finding that a drastic sentencing disparity between codefendants, which resulted in part from the fact that Ballard opted to exercise his right to trial when his co-defendant accepted a plea deal, supported a determination that extraordinary and compelling circumstances warranted a reduction of the defendant's sentence); see also United States v. Haynes, 456 F. Supp. 3d 496, 514 (E.D.N.Y. 2020)("The Court readily concludes, on the facts as detailed above - including the brutal impact of Haynes's original sentence, its drastic severity as compared to codefendant River's ten-year term, its harshness as compared to the sentences imposed on similar even more severe criminal conduct today, and the extent to which

3

that brutal sentence was a penalty for Haynes's exercise of his constitutional right to trial -...[constitute] an extraordinary and compelling circumstance warranting relief under §3582(c).").

With respect to the claimed sentencing disparity between Rhodes and Simmons, "[w]e have repeatedly made clear that section 3553(a)(6) requires a district court to consider nationwide sentence disparities, but does not require a district court to consider disparities between co-defendants." United States v. Bryant, 976 F. 3d 165, 180 (2d Cir. 2020)(quotation marks omitted). However, when a sentencing court chooses to consider a defendant's sentence in relation to the sentences of co-defendants, it should consider both the relevant differences and relevant similarities between them. United States v. Wills, 476 F. 3d 103, 110-11 (2d Cir. 2007)(abrogated on other grounds); see also United States v. Martinez, 313 Fed. App'x 412, 413 (2d Cir. 2009)("A district court may consider such disparities, however, and if it does so it must consider both the relevant differences and the relevant similarities between co-defendants.").

As a preliminary matter, we address the source of our authority to review a sentence in conformity with the Guidelines, which includes any properly applied departures (a "Guidelines sentence"), for reasonableness. Like the Supreme Court in Booker, we have previously assumed such authority, see, e.g., Crosby, 397 F. 3d 103; see also United States v. Cooper, 437 F. 3d 324, 328 n. 5 (3d Cir. 2006)(collecting cases that have assumed without expressly deciding that courts of appeals have jurisdiction to review sentences for reasonableness), but we now specifically locate our authority in 18 U.S.C. §3742(a), which provides, inter alia, for review of sentences "imposed in violation of law." 18 U.S.C. §3742(a)(1). We hold that when a defendant challenges the procedures of his sentencing proceeding or the reasonableness of the sentence imposed, he effectively claims that the sentence, whether a Guidelines sentence or a non-Guidlines sentence, was "imposed in violation of law," 18 U.S.C. §3742(a)(1). We therefore have authority to review sentences, whether Guidelines sentences or non-Guidelines sentences, for reasonableness. See Cooper, 437 F. 3d at 327 ("We believe an unreasonable sentence is 'imposed in violation of law' under 18 U.S.C. §3742(a)(1)."); United States v. Martinez, 434 F. 3d 1318, 1322 (11th Cir. 2006)("Although the Supreme Court in Booker did not identify which provision of §3742(a) provided for appeals for 'unreasonableness,' we conclude that a post-Booker appeal based on the 'unreasonableness' of a sentence whther within or outside the advisory guidelines range, is an appeal asserting that the sentence was imposed in violation of law pursuant to §3742(a)(1)."); United States v. Frokjer, 415 F. 3d 865, 875 n. 3 (8th Cir. 2005)("After Booker,... we will review a defendant's argument that even a sentence within the advisory guideline range is 'unreasonable' with regard to the factors set forth in 18 U.S.C. §3553(a), and an unreasonable sentence would be imposed 'in violation of law' within the meaning of §3742(a)." (citation omitted)).

4

The Supreme Court's landmark holdings in Booker were handed down in two opinions. The opinion of Justice Stevens addressed the merits of the constitutional challenge to the Guidelines, concluding that the formerly mandatory nature of the Guidelines violated the Sixth Amendment. Booker, 543 U.S. at 243-44. The opinion of Justice Breyer set forth the remedy, which consisted of "server[ing] and excis[ing]" from the Sentencing Reform Act the provision making the Guielines mandatory, 18 U.S.C. §3553(b)(1), and the provision containing the relevant standards of review on appeal, 18 U.S.C. §3742(e). Booker, 543 U.S. at 258-59. Pursuant to the "remedy opinion," the now-advisory Guidelines are to be considerdd, together with the other factors set forth in 18 U.S.C. §3553(a), by judges fashioning sentences. See id. at 261-62. In Crosby, we outlined a procedure for the implementation of the Booker remedy. See Crosby, 397 F. 3d at 113. We explained that a sentence will satisfy the requirements of Booker and the Sixth Amendment if the sentencing judge (1) calculates the relevant Guidelines range, including any applicable departure under the Guidelines system; (2) considers the calculated Guidelines range, along with other §3553(a) factors; and (3) imposes a reasonable sentence. Id.

Accordingly, while we review a sentence for reasonableness, see Booker, 543 U.S. at 261-62, that review involves consideration not only of the sentence itself, but also of the procedures employed in arriving at the sentence. See Crosby, 397 F. 3d at 114; see also United States v. Selioutsky, 409 F. 3d 114, 118 (2d Cir. 2005). Reasonableness review does not entail the substitution of our judgment for that of the sentencing judge. Rather, the standard is akin to review for abuse of discretion. See Crosby, 397 F. 3d at 114 (comparing reasonableness review to review for abuse of discretion). Thus, when we determine whether a sentence is reasonable, we ought to consider whether the sentencing judge "exceeded the bounds of allowable discretion[,] ...committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact." Id. (citations omitted).

We recognize that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances. See United States v. Mykytiuk, 415 F. 3d 606, 608 (7th Cir. 2005)("While we fully expect that it will be a rare Guidelines sentence that is unreasonable, the [Supreme] Court's charge that we measure each defendant's sentence against the factors set forth in §3553(a) requires the door to be left open for this possibility."). Nonetheless, we have expressed a commitment to avoid the formulation of per se rules to govern our review of sentences for reasonableness. See Crosby, 397 F. 3d at 115; see also United States v. Fairclough, 439 F. 3d 76, 80 (2d Cir. 2006). We Therefore decline to establish any presumption, rebuttable or otherwise, that a Guidelines sentece is reasonable. See United States v. Jimenez-Beltre, 440 F. 3d 514, 2006 U.S. App. LEXIS 6580, 2006 WL 562154, at *2 (1st Cir. 2006)(en banc)(explaining that "[w]e do not find it helpful

5

to talk about the guidelines as 'presumptively' controlling or a guidelines sentence as 'per se reasonable,'" because, "[a]lthough making the guidelines 'presumptive' or 'per se reasonable' does not make them mandatory, it tends in that direction; and anyway terms like 'presumptive' and 'per se' are more ambiguous labels than they at first appear"); Cooper, 437 F. 3d at 331-32 (rejecting a non-rebuttable presumption because it would effectively restore the mandatory nature of the Guidelines and rejecting a rebuttable presumption because "[a]ppellants already bear the burden of proving the unreasonableness of sentences on appeal"). But see United States v. Kristl, 437 F. 3d 1050, 1054 (10th Cir. 2006)("[I]f we determine under the appropriate standard of review that the district court correctly determined the relevant Guidelines range, and if the defendant was subsequently sentenced to a term of imprisonment within that range, then the sentence is entitled to a rebuttable presumption of reasonableness on appeal."); United States v. Lewis, 436 F. 3d 939, 946 (8th Cir. 2006)("A sentence falling within the applicable guideline range is presumptively reasonable."); United States v. Green, 436 F. 3d 449, 457 (4th Cir. 2006)("[A] sentence imposed within the properly calculated Guidelines range ...is presumptively reasonable." (ellipsis in original and internal quotation marks omitted)); United States v. Williams, 436 F. 3d 706, 708 (6th Cir. 2006)("We...credit[] sentences properly calculated under the Guidelines with a rebuttable presumption of reasonableness."); United States v. Alonzo, 435 F. 3d 551, 554 (5th Cir. 2006)("We agree with our sister circuits that have held that a sentence within a properly calculated Guideline range is presumptively reasonable."); Mykytiuk, 415 F. 3d at 608 ("The best way to express the new balance, in our view, is to acknowledge that any sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness."); United States v. Lincoln, 413 F. 3d 716, 717 (8th Cir.)(considering a sentence within the applicable Guidelines range to be "presumptively reasonable"), cert. denied, 546 U.S. 1081, 126 S. Ct. 840, 163 L. Ed. 2d 715 (2005). Although the Guidelines range should serve as "a benchmark or a point of reference or departure," United States v. Rubenstein, 403 F. 3d 93, 98-99 (2d Cir.), cert. denied, 546 U.S. 876, 126 S. Ct. 388, 163 L. Ed. 2d 173 (2005); see also Crosby, 397 F. 3d at 113 ("[I]t is important to bear in mind that Booker[] and section 3553(a) do more than render the Guidelines a body of casual advice, to be consulted or overlooked at the whim of a sentencing judge."), for the review of sentences, as well as for their imposition, we examine the record as a whole to determine whether a sentence is reasonable in a specific case. Accordingly, we do not hold that a Guidelines sentence, without more, is "presumptively" reasonable.


We have imposed no similar requirement that a sentencing judge precisely identify either the factors set forth in §3553(a) or specific arguments bearing on the implementation of those factors in order to comply with her duty to consider all the

6

factors along with the Guidelines applicable range. See id. at 115 ("[A] sentencing judge would commit a statutory error in violation of section 3553(a) if the judge failed to 'consider' the applicable Guidelines range (or arguably applicable ranges) as well as the other factors listed in section 3553(a)."). Consideration of the §3553(a) factors is not a cut-and-dried process of factfinding and calculation; instead, a district judge must contemplate the interplay among the many facts in the record and the statutory guideposts. That context calls for us to "refrain[] from imposing any rigorous requirement of specific articulation by the sentencing judge." Crosby, 397 F. 3d at 113; see also Jimenez-Beltre, 440 F. 3d at 519, 2006 U.S. App. LEXIS 6580, 2006 WL 562154, at *3 ("[A] court's reasoning can often be inferred by comparing what was argued by the parties or contained in the pre-sentence report with what the judge did."). As we have explained,

> We appreciate that lexicographers, contemplating various contexts in which the word "consider" is used, might infuse the word with a meaning that implies a measure of sustained reflection. But our context is that of experienced district judges, familiar with both the substantive content of relevant law and procedural requirements, who face the daunting task of administering heavy caseloads. In this context, we continue to believe that no specific verbal formulations should be prescribed to demonstrate the adequate discharge of the duty to 'consider' matters relevant to sentencing. As long as the judge is aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable, and nothing in the record indicates misunderstanding about such materials or misperception about their relevance, we will accept that the requisite consideration has occurred. United States v. Fleming, 397 F. 3d 95, 100 (2d Cir. 2005) (emphasis added).

Accordingly, its presumed, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors. See Williams, 436 F. 3d at 708 (commenting that consideration under the post-Booker regime "need not be evidenced explicitly" and rejecting the argument that the District Court failed to consider the §3553(a) factors where the defendant "fail[ed] to point to any indication that the district court ignored those factors"); United States v. Ayers, 368 U.S. App. D.C. 233, 428 F. 3d 312, 315 (D.C. Cir. 2005)(explaining that when a defendant fails to object to the lack of an explanation on the record for the imposition of a sentence within the Guidelines range, "we begin our review with the presumption that the district court knew and applied the law correctly" and also establishing a presumption that a judge imposing a non-Guidelines sentence "took into account all the factors listed in §3553(a) and accorded them the appropriate significance" (internal quoatation marks omitted)); see also Walton v. Arizona, 497 U.S. 639, 653, 110 S. Ct. 3047, 111 L. Ed. 2d 511 (1990)("Trial judges are presumed to know the law and to apply it in making their decisions."), overruled on other

7

grounds by Ring v. Arizona, 536 U.S. 584, 589, 122 S. Ct. 2428, 153 L. Ed. 2d 556 (2002). In other words, no "robotic incantations" are required to prove the fact of consideration, Crosby, 397 F. 3d at 113 (internal quotation marks omitted); see also Lewis, 436 F. 3d at 946 (stating that "sentencing courts are not obligated to provide robotic incantation [about] each statutory factor... considered" (alteration in original and internal quotation marks and citation omitted)), and we will not conclude that a district judge shirked her obligation to consider the §3553(a) factors simply because she did not discuss each one individually or did not expressly parse or address every argument relating to those factors that the defendant advanced. Our holding is consistent with those of other Circuits that have considered this question. See United States v. Martinez-Martinez, 442 F. 3d 539, 2006 U.S. App. LEXIS 7193, 2006 WL 722140, at *3 (7th Cir. 2006) ("Although the district court did not specifically articulate its view on the weight to be accorded the issue of sentencing disparity in light of §3553(a)(6), it was not required to discuss each factor's effect on the sentence."); United States v. Walker, 439 F. 3d 890, 2006 WL 560114, at *2 (8th Cir. 2006)("Although a district court is required to consider each of the §3553(a) factors in determining the proper sentence to impose, it need not categorically rehearse each of the §3553(a) factors on the record when it imposes a sentence as long as it is clear that they were considered." (alteration in original and internal quotation marks omitted)); United States v. Eura, 440 F. 3d 625, 2006 U.S. App. LEXIS 4535, 2006 WL 440099, at *7 (4th Cir. 2006) (noting that a sentencing judge "was not required to discuss each §3553(a) factor on the record"); United States v. Smith, 440 F. 3d 704, 2006 U.S. App. LEXIS 3994, 2006 WL 367011, at *5 (5th Cir. 2006) (commenting that "a checklist recitation of the section 3553(a) factors is neither necessary nor sufficient for a sentence to be reasonable"); United States v. Sylvester Norman Knows His Gun, III, 438 F. 3d 913, 918 (9th Cir. 2006) (explaining that consideration of §3553(a) factors "does not necessitate a specific articulation of each factor seperately"); Cooper, 437 F. 3d at 329 (To comply with the obligation to consider the §3553(a) factors, a "court need not discuss every argument made by a litigant if an argument is clearly without merit."); Williams, 436 F. 3d at 708-09 ("Although the district court may not have mentioned all the [§3553(a)] factors...explicitly, and although explicit mention of those factors to affirm a sentence." (alteration in original and internal quotation marks omitted)); United States v. Scott, 426 F. 3d 1324, 1329 (11th Cir. 2005) ("We now...squarely hold that nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the §3553(a) factors or to discuss each  of the §3553(a) factors."); United States v. Contreras-Martinez, 409 F. 3d 1236, 1242 (10th Cir. 2005) ("[T]he sentencing court is not required to consider individually each factor listed in §3553(a) before issuing a sentence. Moreover, we do not demand that the district court recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider." (citation and internal

8

quotation marks omitted)); United States v. George, 403 F. 3d 470, 472-73 (7th Cir.)("Judges need not rehearse on the record all of the considerations that 18 U.S.C. §3553(a) lists; it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less."). cert. denied, 546 U.S. 1008, 126 S. Ct. 636, 163 L. Ed. 2d 515 (2005); cf. Jimenez-Beltre, 440 F. 3d at 528, 2006 U.S. App. LEXIS 6580, 2006 WL 562154, at *12 (Lipez, J., dissenting) (noting that a sentencing judge cannot rely on "formulaic invocation of the words of the statute," but rather must provide "explanations that are responsive to the sentencing issues raised by the parties and that relate the court's decisions on those issues to the multiple purposes and factors of section 3553"). In sum, the practice in reviewing consideration of the §3553(a) factors is to exercise "restraint, not micromanagement." Fleming, 397 F. 3d at 100. Petitioner Zea has made a showing that the District Court failed to consider his disparity argument.

Substantive Reasonableness

Petitioner argues that his sentence [25 years] was "SUBSTANTIVE UNREASONABLENESS" and caused a great SENTENCING DISPARITES amongst his Co-Defendant [Def. Kaliebe] whom was "ONLY" sentenced to 12 years." Also others nationally that too was sentenced to by far way less, with the "SAME/SIMILAR" offense as the Petitioner. Which falls under the "deferential abuse-of-discretion standard."

Courts review a sentence for procedural and substantive reasonableness under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007); see United States v. Broxmeyer, 699 F.3d 265, 278 (2d Cir. 2012) ("our standard is 'reasonableness,' 'a particularly deferential form of abuse-of-discretion review'") (quoting United States v. Cavera, 550 F.3d 180, 188 & n.5 (2d Cir. 2008) (en banc)). Here, the Government challenges only the substantive reasonableness of Pratheepan's sentence, arguing that the "more -than-50-percent reduction from the applicable Guidelines range" was substantively unreasonable.

Courts review for substantive unreasonableness is "particularly deferential." Broxmeyer, 699 F.3d at 289 (citing Gall, 552 U.S. at 51). The Supreme Court has made clear that "responsibility for sentencing is placed largely in the precincts of the district courts." Cavera, 550 F.3d at 191. Hence, "our role in sentencing appeals is to 'patrol the boundaries of reasonableness,'" United States v. Rigas, 583 F.3d 108, 122 (2d Cir. 2009) (quoting Cavera, 550 F.3d at 191), with due respect for the sentencing court's "very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime," Cavera, 550 F.3d at 188.

Courts will set aside sentences as substantively unreasonable only in "exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" Id. at 189 (quoting United States v. Rigas, 490 F.3d 208, 238

9

(2d Cir. 2007)). We will identify "as substantively unreasonable only those sentences that are so 'shockingly high, shockingly low, or otherwise unsupportable as a matter of law' that allowing them to stand would 'damage the administration of justice.'" Broxmeyer, 699 F.3d at 289 (quoting Rigas, 583 F.3d at 123).

District courts are to use the Guidelines as a "starting point," and then make an independent sentencing determination, taking into account the "nature and circumstances of the offense and the history and characteristics of the defendant," and all of the statutory factors. 18 U.S.C. §3553(a); Cavera, 550 F.3d at 188. Sentencing courts are not to "presume that the Guidelines range is reasonable," and instead they "must make an individualized assessment based on the facts presented." Gall, 552 U.S. at 50. Where there is a variance into account and consider the extent of a deviation from the Guidelines...A major departure should be supported by a more significant justification than a minor one." United States v. Stewart, 590 F.3d 93, 135, 168 (2d Cir. 2009) (quoting Gall, 552 U.S. at 47, 50).

A sentence is "akin to review under an 'abuse-of-discretion' standard. United States v. Rigas, 583 F.3d 108, 114 (2d Cir. 2009). We have repeatedly emphasized that "abuse of discretion" is a "distinctive term of art that is not meant as a derogatory statement about the district court whose decision is found wanting." United States v. Park, 758 F.3d 193, 199-200 (2d Cir. 2014); see also In re The City of New York, 607 F.3d 923 n.21 (2d Cir. 2010) (explaining that "abuse of discretion" is a nonpejorative "term of art"). It is more properly understood as referring to occasions where, after examining trial court records, as appellate court reaches the informed judgment that a ruling is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence," or the district court has rendered "a decision that cannot be located within the range of permissible decisions." Park, 758 F.3d at 200 (internal quotation marks and alterations omitted). '

In the context of sentencing, a district court's evaluation of the evidence is "clearly erroneous when we are left with the "definite and firm conviction" that the district court has misinterpreted the record and, as a result, has misweighed certain aggravating or mitigating factors. Id. (internal quotation marks omitted). See generally United States v. Cavera, 550 F.3d 180, 191 (2d Cir. 2008) (en banc) ("At the substantive stage of reasonableness review, an appellate court may consider whether a factor relied on by a sentencing court can bear the weight assigned to it."). The length of a sentence is outside "the range of permissible decisions" when "affirming it would damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." Park, 758 F.3d at 200 (internal quotation marks omitted). In other words, a sentence is outside the range of permissible decisions when it is manifestly unjust or when it "shocks the conscience." Rigas, 583 F.3d at 123 (internal quotation marks omitted).

10

"[T]he measure of what is conscience-shocking is no calibrated yard stick." United States v. Aldeen, 792 F.3d 247, 255 (2d Cir. 2015) (internal quotion marks omitted). We have observed that we "use as our lodestar the parsimony clause of 18 U.S.C. §3553(a), which directs sentencing courts to impose a sentence sufficient, but not greater than necessary, to comply with the factors set out in 18 U.S.C. §3553(a)(2)-namely, retribution, deterrence, and incapacitation." Park, 758 F.3d at 200 (internal quotation marks and alterations omitted). Ultimately, what "shocks the conscience" depends on the "informed intuition of the appellate panel." Rigas, 583 F.3d at 123. It is a "highly contextual" Id. standard that "involves some degree of subjectivity" Park, 758 F.3d at 199 (internal quotation marks omitted). in its application and provides relief "only in the proverbial 'rare case.'" Rigas, 583 F.3d at 123. Notwithstanding the inherent difficulty in defining the precise boundaries of the "shock-the-conscience" standard, a reviewing court must not relegate itself to functioning as a mere rubber stamp for any sentence the district court may impose. See id. at 122 ("'[R]easonableness' is not a code-word for 'rubber stamp.'" (quoting United States v. Moreland, 437 F.3d 424, 433 (4th Cir. 2006))).

Finally, while a sentence outside the advisory Guidelines range is not presumptively unreasonable, See Gall v. United States, 552 U.S. 38, 47, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007), a significant departure or variance from the recommended Guidelines range "should be supported by a more significant justification than a minor one." Id. at 50.

In sum, in reviewing a sentence for substantive reasonableness, we are "not disparaging the person of a trial judge, but simply concluding, after careful review, (1) that a sentence lacks a proper basis in the record, (2) that a trial judge's assessment of the evidence leaves the reviewing court with a definite and firm conviction that a mistake has been committed, or (3) that the reviewing court has reached the informed judgment that a sentence is otherwise unsupportable as a matter of law. Park, 758 F.3d at 200-01.

Although Plaintiff offenses were "plainly serious," his "role in the offenses was subservient to the others involved" The Guidelines were "intended to eliminate national disparity," but "[w]e do not, as a general matter, object to district courts' consideration of similarities and differences among co-defendants when imposing a sentence." United States v. Wills, 476 F.3d 103, 109, 110 (2d Cir. 2007) (emphasis omitted), abrogated on other grounds by Kimbrough, 128 S. Ct. at 574-75, as recognized in Cavera, 550 F.3d at 191; accord United States v. Williams, 524 F.3d 209, 216 (2d Cir. 2008). We also defer to the district court's conclusion that Yousry's conduct was less culpable than that of his co-conspirators. On this basis, we conclude that the district court did not err by giving weight to this factor.

Petitioner Zea challenges the <u>substantive reasonableness</u> of his within-Guidelines 300 month sentence; And to review a sentence for <u>substantive reasonableness</u> under "a particularly deferential form of abuse-of discretion review." <u>United States v. Broxmeyer</u>, 699 F.3d 265, 278 (2d Cir. 2012). "[W]hen conducting substantive review, Petitioner Zea [see Petitioner Zea Affidavit] take into account the totality of the circumstnaces, giving due deference to the <u>sentencing</u> judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." <u>United States v. Cavera</u>, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). "We set aside a district court's sentence as a substantively unreasonable only if affirming it would damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." <u>United States v. Douglas</u>, 713 F.3d 694, 700 (2d Cir. 2013). Petitioner asserts that his sentence was unsupported as a matter of law.

<u>Judge Abuse of Discretion</u>

Judge Sandra J. Feuerstein, should have recused herself from this case when she found her appearance being "<u>judicial bias</u>" during Petitioner's sentencing phase when she stated"

    "I am going to make an example out of you!"

Petitioner, later found out "<u>WHAT</u>" Judge Feuerstein meant by her statement when she sentenced Petitioner to the Federal Rule of Criminal Procedure - Plea Agreement 11(c)(1)(C); Which gives a sentencing guideline range of 0 to 25 years - Sentencing the Petitioner to the "<u>maximum</u>" at the top of the guideline range; To 25 years in prison.

A district court's decision not to recuse itself for <u>abuse of discretion</u>. <u>United States v. Wedd</u>, 993 F.3d 104, 114 (2d Cir. 2021). "A district court 'abuses' or 'exceeds' the discretion accorded to it when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision-though not necessarily the product of a legal error or a clearly erroneous factual finding-cannot be located within the range of permissible decisions." <u>Zervos v. New York, Inc.</u>, 252 F.3d 163, 169 (2d Cir. 2001) (footnotes omitted). Given that standard, we will rarely disturb a district court's decision not to recuse itself. See <u>ISC Holding AG v. Nobel Biocare Fin. AG</u>, 688 F.3d 98, 107 (2d Cir. 2012).

Petitioner contends that the district judge should have recued herself under 28 U.S.C. §455(a), (b)(1), and (b)(5). Section 455(a) provides that a judge "shall disqualify herself in any proceeding in which her <u>impartiality</u> might reasonably be questioned." Section 455(b) requires, in relevant part, that a judge recuse herself in any case where she has "a personal <u>bias</u> or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," or where [s]he or her spouse,

or a person within the third degree of relationship to either of them" is "known by the judge to have an interest that could be substantially affected by the outcome of the proceeding" or is "to the judge's knowledge likely to be a material witness in the proceeding." §455(b)(1), (b)(5)(iii)-(iv).

We evaluate partiality under §455(a) "on an objective basis, so that what matters in not the reality of bias or prejudice but its appearance." Liteky v. United States, 510 U.S. 540, 548, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994); see also Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 860, 108 S. Ct. 2194, 100 L. Ed. 2d 855 (1988( ("The goal of section 455(a) is to avoid even the appearance of partiality." (internal quotation marks omitted)). In making that objective analysis, we consider "whether a reasonable person, knowing all the facts, would conclude that the trial judge's impartiality could reasonably be questioned." United States v. Thompson, 76 F.3d 442, 451 (2d Cir. 1996) (internal quotation marks and alteration omitted); See also Code of Conduct for United States Judges, Canon 2(A) ("An appearance of impropriety occurs when reasonable minds, with knowledge of all the relevant circumstance disclosed by a reasonable inquiry, would conclude that the judge's honesty, integrity, impartiality, temperament, or fitness to serve as a judge is impaired."). In close cases, "the balance tips in favor of recusal." Ligon v. City of New York, 736 F.3d 118, 124 (2d Cir. 2013) (internal quotation marks omitted), vacated in part on other grounds, 743 F.3d 362 (2d Cir. 2014).

Section 455(b) operates differently, requiring "actual knowledge... regarding disqualifying circumstances and provid[ing] a bright line as to disqualification based on a known financial interest in a party." Chase Manhattan v. Affiliated FM Ins. Co., 343 F.3d 120, 127 (2d Cir. 2003). A "known financial interest in a party, no matter how small, is a disqualifying conflict of interest and one that cannot even be waived by the parties." Id. at 128.

Although these provisions outline distinct statutory routes to disqualification, §455(a) and §455(b) have been considered in tandem under certain circumstances. For example, in Chase Manhattan, the district judge held a bench trial despite having a known investment in Chase Bank, which was ultimately awarded a significant portion of the verdict. Id. at 124, 130. On appeal this Court held that the district judge abused his discretion by not recusing himself, because "an appearance of partiality requiring disqualification under Section 455(a) results when the circumstances are such that: (i) a reasonable person, knowing all the facts, would conclude that the judge had a disqualifying interest in a party under Section 455(b)(4)[;] and (ii) such a person would also conclude that the judge knew of that interest and yet heard the case." Id. at 128. In other words, "Section 455(a) applies when a reasonable person would conclude that a judge was violating Section 455(b)[]." Id.

13

Case 2:13-cr-00072-GRB-ART  Document 180-1  Filed 06/25/24  Page 15 of 17 PageID #: 2082

The Supreme Court has articulated a principle of "gross pro-portionality," which finds unconstitutional under the Eighth Amendment only extreme sentences that are grossly disproportionate to the crimes for which they are imposed. See, Harmelin v. Michigan, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991); Solem v. Helm, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983); Rummel v. Estelle, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980). Federal courts reviewing sentences imposed by state courts on habeas corpus review "should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals." Solem, 463 U.S. at 290, 103 S. Ct. 3001. The "gross disproportionality" principle finds sentences disproportionate to their crimes "only in the exceedingly rare and extreme case" and is reserved "for only the extra-ordinary case." Lockyer v. Andrade, 538 U.S. 63, 73-77, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003) (internal quotation marks and citation omitted); see also United States v. Snype, 441 F.3d 119, 152 (2d Cir. 2006) (noting that successful challenges to the proportionality of particular sentences have been exceedingly rare). In the Second Circuit, "[n]o federal constitutional issue is presented where...the sentence is within the range prescribed by state law." White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992); see also, United States v. Gonzalez, 922 F.2d 1044, 1053 (2d Cir. 1991) (finding that courts should review the dispro-portionality of sentences only in rare cases because the legislature's fixing of terms for imprisonment is presumptively valid).

14

P.O. ~~Box~~
Thomson I.L. 61285

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**

9589 0710 5270 2065 2877 75

Theodore Roosevelt U.S. Courthouse
225 Cadman Plaza East, Rm. 1185

Brooklyn, N.Y. 11201-1818

Courthouse



USSM

AUSP Thomson

JUN 0 6 2024

Received in CSD

Legal Mail

Retail




U.S. POSTAGE F
PM
THOMSON, IL 61
JUN 20, 2024

INMATE IDENTIFICATION CONFIRMED

FEDERAL BUREAU OF PRISONS
PS FFI BOX 002
HOMS... , IL 61285

The enclosed letter was processed on _____, through special mailing
procedures. The letter has neither been opened nor
inspected. If the writer raises a question or problem
over which this facility has jurisdiction, you may wish to
return the material for further information or clarification.
If the writer enclosed correspondence for forwarding to
another addressee, please return the enclosed
materials to the above address.

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* | |
|---|---|---|
| ■ Complete items 1, 2, and 3. | A. Signature | |
| ■ Print your name and address on the reverse so that we can return the card to you. | X | ☐ Agent<br>☐ Addressee |
| ■ Attach this card to the back of the mailpiece, or on the front if space permits. | B. Received by *(Printed Name)* | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Theodore Roosevelt U.S. Courthouse 725 Cadman Plaza East, RM 1125 Brooklyn, N.Y. 11201-1818 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |



9590 9402 7795 2152 1815 05

| 3. Service Type | |
|---|---|
| ☐ Adult Signature | ☐ Priority Mail Express® |
| ☐ Adult Signature Restricted Delivery | ☐ Registered Mail™ |
| ☐ Certified Mail® | ☐ Registered Mail Restricted Delivery |
| ☐ Certified Mail Restricted Delivery | ☐ Signature Confirmation™ |
| ☐ Collect on Delivery | ☐ Signature Confirmation Restricted Delivery |
| ☐ Collect on Delivery Restricted Delivery | |
| ☐ Insured Mail | |
| ☐ Insured Mail Restricted Delivery (over $500) | |

2. Article Number *(Transfer from service label)*

PS Form **3811**, July 2020 PSN 7530-02-000-9053        Domestic Return Receipt